CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Travis Lee Adcock

June 5, 1992

BY JUDGE J. MICHAEL GAMBLE

Pursuant to § 16.1–269(E) of the Code of Virginia, I have examined all papers, reports, and orders, and I have also read transcripts of all proceedings from the Juvenile and Domestic Relations Court of Amherst County. Upon this review, I have found that the Court is faced with trying to interpret the meaning of § 16.1–269(E). The basic issue in this Court's mind is whether or not § 16.1–269(E) requires the Circuit Court, in the case where the Commonwealth has sought a removal of the case to the Circuit Court, to remand the case to the Juvenile and Domestic Relations District Court if the Juvenile and Domestic Relations District Court has denied transfer and otherwise complied with § 16.1–269(E).

In this consideration, it is important to understand the factual development of these cases.

Travis Lee Adcock was charged with feloniously distributing a Schedule II controlled substance, cocaine, on three separate occasions in April and May, 1991. Accordingly, three petitions alleging that he committed delinquent acts were issued. Each of these offenses carries an adult penalty of not less than five years nor more than forty years in the penitentiary, plus a fine of not more than $500,000.00. Also, if convicted of two or more offenses, the Defendant could be sentenced to life in prison if tried as an adult.

In accordance with § 16.1–269 of the Code of Virginia, the Commonwealth's Attorney filed a notice in the Juvenile and Domestic

Relations District Court requesting the Court to transfer the case to the Circuit Court for trial as an adult.

At the time of the offense, the Defendant was seventeen years of age. His date of birth is May 16, 1974.

The Juvenile and Domestic Relations District Court then proceeded to hold extensive hearings under § 16.1–269(A) and directed preparation of the study and report required under § 16.1–269(C). By an order entered on May 14, 1992, and amplified by an order entered on May 21, 1992, the Juvenile and Domestic Relations District Court decided to retain jurisdiction of this matter and not transfer the cases to the Circuit Court.

By letter dated May 18, 1992, the Commonwealth's Attorney of Amherst County filed a "Notice of Appeal" pursuant to § 16.1–269(E) of the Code of Virginia. Although the action of the Commonwealth's Attorney of Amherst County on May 18, 1992, is styled as a "Notice of Appeal," this Court will treat this as a notice of the intention of the Commonwealth's Attorney "to seek a removal of the case" as allowed under § 16.1–269(E).

Section 16.1–269(E) requires that the Circuit Court shall within twenty-one days after receipt of the case (the case was received on May 22, 1992) "examine all such papers, reports, and orders to determine if there has been compliance with [§ 16.1–269] . . . but without determining whether the Juvenile Court had sufficient evidence to find probable cause." This section further states that the Circuit Court shall "enter an order *either* remanding the case to the Juvenile Court or advising the Attorney for the Commonwealth that he may seek an indictment" (emphasis added).

The issue posed is whether or not in the limited case where the Commonwealth may seek a removal (cases where maximum punishment is more than twenty years or more, life, or death) the Circuit Court has the discretion to grant a removal notwithstanding the action of the Juvenile and Domestic Relations District Court to retain the case and the opinion of the Circuit Court that the Juvenile and Domestic Relations District Court has complied with all provisions of § 16.1–269.

Section 16.1–269 gives the juvenile a right to "appeal" the decision of the Juvenile and Domestic Relations District Court transferring the case. In that instance, the Circuit Court must review the papers to determine whether or not the Juvenile and Domestic Rela-

tions District Court complied with all the provisions of § 16.1–269 of the Code of Virginia. With respect to the action of the Commonwealth to seek a removal, however, the statute is unclear whether the Circuit Court after a review and a finding that the Juvenile and Domestic Relations District Court complied with § 16.1–269 must allow jurisdiction to return to the Juvenile and Domestic Relations District Court. One reading of the statute is that if the Circuit Court finds that the Juvenile and Domestic Relations District Court has complied with the provisions of § 16.1–269 and denied transfer, jurisdiction remains in the Juvenile and Domestic Relations District Court. The other interpretation of the statute is that even if the Circuit Court finds that the Juvenile and Domestic Relations District Court has complied with all the provisions of § 16.1–269, it may assume jurisdiction. The statute is completely silent on this issue.

After having reviewed all of the papers from the Juvenile and Domestic Relations District Court and after having read the transcript of the proceedings in that Court, this Court finds that the Juvenile and Domestic Relations District Court has complied with all the provisions of § 16.1–269.

Section 16.1–269(B) only allows the Commonwealth to seek a removal in the most serious cases. By limiting the Commonwealth's right to seek a removal in only these cases, this Court believes that it was the intention of the Legislature to allow the Commonwealth to seek removal in these limited cases so long as the Juvenile and Domestic Relations District Court had otherwise complied with the provisions of § 16.1–269. By utilization of the word "removal" in the case of the Commonwealth, as opposed to the word "appeal" in the case of the Defendant, it seems to this Court that the motion of the Commonwealth to seek removal may be granted so long as the Juvenile and Domestic Relations District Court has complied with the provisions of § 16.1–269. The reason for the Circuit Court review is simply to insure that all of the provisions of § 16.1–269 were complied with prior to the action of the Commonwealth so that the Court could make an informed decision on whether to grant removal of the case from the Juvenile and Domestic Relations District Court. If this were not the case, then § 16.1–269(E) would not offer the Circuit Court the opportunity to either remand the case to the Juvenile and Domestic Relations District Court or advise the Commonwealth's Attorney that he may seek an indictment. If the Circuit Court found,

upon a review of the records, that the Juvenile and Domestic Relations District Court had not complied with any of the provisions of § 16.1–269, then it could remand the case for further review before allowing the Commonwealth's Attorney to seek an indictment.

Accordingly, this Court finds that the Commonwealth's Attorney has timely filed its motion seeking a review, that the Juvenile and Domestic Relations District Court has complied with the provisions of § 16.1–269 and that the Commonwealth's Attorney of Amherst County may seek an indictment from the Grand Jury in these cases.